IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH STAR INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-115-LPS-CJB |
| | ) | |
| TOSHIBA CORPORATION and TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

1. Presently pending before the Court in this patent infringement action is Defendants Toshiba Corporation ("Toshiba Corp.") and Toshiba America Electronic Components, Inc.'s ("TAEC," and collectively with Toshiba Corp., "Defendants") motion to dismiss Plaintiff North Star Innovations, Inc.'s ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 14) As things stand now, the Motion addresses only one discrete asserted basis for dismissal: Defendants' claim that the FAC inappropriately treats three distinct Toshiba entities (the two current Defendants and a former Defendant, Toshiba America, Inc.) as one corporate person, and that Plaintiff's infringement allegations thus do not provide Defendants with fair notice of Plaintiff's claims.[1]

---

[1] Originally, Defendants had also asserted that they were entitled to a second type of relief via the Motion: that the FAC should be dismissed as to any indirect infringement claims, or that, in the alternative, certain references to "inducement and contributory infringement" in the FAC's request for relief should be stricken pursuant to Federal Rule of Civil Procedure 12(f). (D.I. 15 at 4-6 & n.3; *see also* D.I. 6 at 23) After Plaintiff acknowledged that it did not intend to accuse Defendants of indirect infringement at this time, the parties subsequently agreed that the relevant language in the prayer for relief should be stricken. (D.I. 32) The Court will therefore DENY as MOOT that aspect of the Motion. To the extent an amended pleading is forthcoming, the Court understands that it will not include such language (unless Plaintiff therein pleads facts sufficient to allege indirect infringement claims).

2. The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).[2]

3. Defendants allege that Plaintiff's FAC does not adequately plead direct infringement because Plaintiff failed to identify which entity is responsible for any particular alleged infringing activity, and instead simply refers to all three Toshiba entities as "Defendants"

---

[2] The parties agree (as does the Court) that the *Twombly/Iqbal* standard applies to the direct infringement claims at issue here, as the FAC was filed after December 1, 2015. *See, e.g., e.Digital Corp. v. iBaby Labs, Inc.*, Case No. 15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016); (D.I. 15 at 4; D.I. 22 at 1).

in each of the counts of infringement. (D.I. 15 at 6-9; D.I. 24 at 4-6) Defendants are correct. The FAC's four counts say nothing particular about either of the two current Defendants; instead, the counts simply state that "*Defendants have* infringed [certain claims of the patents-in-suit] through, among other activities, making, using . . . offering to sell, *and/or* selling [certain accused products]." (D.I. 6 at ¶¶ 10, 23, 36 & 51 (emphasis added)) Though most[3] of the counts do incorporate earlier paragraphs of the FAC by reference, those earlier paragraphs only state that (1) Toshiba Corp. is a Japanese company; (2) TAEC is owned by Toshiba America, Inc. and has its principal place of business in Irvine, California; and (3) both companies have previously and are now asserted to be "making, using, selling, offering for sale, *and/or* importing into the United States memory controller products" that infringe the patents-in-suit. (*Id.* at ¶¶ 5, 7 (emphasis added); *see also id.* at ¶ 9) Thus, nowhere in any part of the FAC is it clearly alleged that either Defendant takes part in any *specific* infringing act—instead, it is vaguely alleged that they may commit one "or" another "or" some "or" all of the relevant possible acts that would amount to direct infringement. This leaves the reader confused about which, if any, of these acts are actually being attributed to each Defendant. And if the Court wished to assure itself that there is a plausible claim that each Defendant has committed *at least one* such wrongful act in the United States (e.g., that each Defendant has either made, used, sold, or offered for sale an accused product in this country, or imported into this country such a product), it could not do so, since there are no other factual allegations about the nature of Defendants' business, nor their activities

---

[3] Count I does not incorporate any of the earlier background paragraphs in the FAC by reference. (D.I. 6 at ¶¶ 10-21)

in the United States.[4] *Cf. M2M Sols. LLC v. Telit Commc'ns PLC*, Civil Action No. 14-1103-RGA, 2015 WL 4640400, at *1-3 & n.1 (D. Del. Aug. 5, 2015) (finding that a plaintiff had not adequately alleged infringement against defendants where the first few allegations of the complaint simply introduced the defendants, provided the addresses of their principal places of business, and stated that one defendant was a wholly owned subsidiary of the other, and where the complaint did not further link each individual defendant to any specific type of infringing conduct but instead simply "refer[red] to the two [d]efendants as 'Telit,' as if both [d]efendants were one entity" in the remainder of its allegations).

4. Despite Plaintiff's argument to the contrary, (D.I. 22 at 6-7), the circumstances here are not like those in *Mayne Pharma International Pty Ltd. v. Merck & Co., Inc.*, Civil Action No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015). In *Mayne Pharma*, the plaintiff had alleged infringement in Count I against three different defendants, and in doing so, had simply referred to "Defendants" collectively. 2015 WL 7833206, at *3. However, the Court nevertheless found that as to two of the defendants (Merck & Co., Inc. and Merck Sharp & Dohme Corp.), the complaint passed muster under Rule 12(b)(6). *Id.* This was because Count I had incorporated each of the preceding paragraphs of the complaint by reference, and in one of those preceding paragraphs, the complaint clearly alleged that each of the two above-referenced U.S.-based defendants had individually "'regularly transact[ed] . . . sales of the infringing product'" in the United States, including in Delaware. *Id.* (citation omitted). In other words, the complaint had clearly (and plausibly) asserted that each defendant had committed at least one

---

[4] Indeed, without more, the fact that Toshiba Corp. is not a U.S.-based entity might well affirmatively suggest that it has *not* done any of these things.

particular type of infringing act. That is not the case here.

5. For the foregoing reasons, the Court recommends that Defendants' Motion be GRANTED because the FAC fails to provide Defendants with adequate notice of the direct infringement allegations against them. However, it is within the Court's discretion to allow leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and such leave should be allowed "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2). Because Plaintiff has requested the ability to amend the FAC if its allegations were deemed wanting, (D.I. 22 at 9), and because Defendants have not suggested that amendment would cause undue prejudice or would be futile, the Court recommends that Plaintiff be given leave to file a Second Amended Complaint to attempt to correct the deficiencies outlined above. *See, e.g.*, *Mayne Pharma*, 2015 WL 7833206, at *6; *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11–902–LPS–CJB, 2013 WL 2295344, at *2 (D. Del. May 24, 2013).

6. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

7. The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  December 6, 2016

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE